# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00261 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LIEUTENANT STACY DAY, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 against officials at Red Onion State Prison for alleged an alleged past incident of excessive force and denial of medical care. Springer has not prepaid the necessary filing fee to proceed with this action and asks to be allowed to proceed in forma pauperis. Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had

three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in forma pauperis only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

Springer's current complaint alleges that on March 15, 2016, Red Onion officials placed him on suicide watch based on fabricated allegations that he had threatened to kill himself. While in this status, the water and toilet are turned off in the inmate's cell. Officers also allegedly threatened to harm Springer, fastened his shackles too tightly, causing cuts to his ankles, and then refused his requests for examination by a nurse. Officers allegedly sprayed Springer's cell with pepper spray before placing him in the cell and then beat on his door every 15 minutes, telling him to get off the floor where he was able to breathe. Officers allegedly denied Springer his medication and several meals during this two-week period at

the end of March 2016 and unjustly charged him for disciplinary infractions. On March 26, 2016, an officer gave Springer some solution from the medical department to clean the cuts on his ankles. In this civil action, filed in June 2016, Springer alleges that he now has "red and purple scarring" on his ankles. (Compl. 14, ECF No. 1.)

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). I cannot find that Springer has alleged facts showing imminent danger of physical harm related to any of the past incidents and alleged threats of which he complains. His speculative fears are not based on sufficient facts to indicate that he faced any danger of physical harm when he filed this action. Therefore, I cannot find that he is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g).

Because the records reflect that Springer has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350

-3-

Case 7:16-cv-00261-JPJ-RSB   Document 3   Filed 06/13/16   Page 3 of 4   Pageid#: 39

filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: June 13, 2016

/s/  James P. Jones
United States District Judge